## FRANK J. KLEIN & SONS, INC. *v.* COMPTROLLER OF THE TREASURY

[No. 194, September Term, 1963.]

*Decided February 7, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ.

*Edward Pierson* and *Robert F. Fischer,* with whom were *Pierson & Pierson* on the brief, for the appellant.

*Russell R. Reno, Jr., Assistant Attorney General,* and *Edward F. Engelbert, Chief, Retail Sales Tax Division,* with whom was *Thomas B. Finan, Attorney General,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This case presents the narrow question whether under the Maryland sales and use tax law, the tax is properly collectible

upon "cash discounts" granted to the taxpayer by its suppliers for payment of the purchase price of various articles of personal property within a stated period of time.

The appellant is engaged in business as a contractor supplying and installing heating and plumbing equipment in newly constructed residential and commercial buildings within the State of Maryland. Under Code (1957), Art. 81, sec. 324 (f) (3) the appellant is the taxpayer. It is clear that title to the items in question passed to the appellant upon delivery, but that a 2% discount from the invoice price was allowed if paid within thirty days from the date of purchase.

Code (1957), Art. 81, sec. 325 provides: "For the privilege of selling certain tangible personal property at retail as defined above and for the privilege of dispensing certain selected services defined as sales at retail by § 324 (f) of this subtitle, a vendor shall collect from the purchaser a tax at the rate specified in this section on the price of each separate retail sale made in this State on or after the date of this act. The tax imposed by this section shall be paid by the purchaser and shall be computed subject to the terms and conditions of § 334 of this subtitle as follows: * * *." For a parallel provision with respect to the use tax, see sections 373 and 372. Section 327 of Art. 81 provides that "[u]pon each taxable sale or service the tax to be collected as provided in this subtitle shall be stated and charged separately * * *. The tax shall be paid by the purchaser to the vendor as trustee * * *." See also sec. 379, relating to use tax.

Code (1957), Art. 81, sec. 324 (d) defines a "sale" as "* * * any transaction whereby title or possession, or both * * * is or is to be transferred by any means whatsoever for a consideration * * *. Such consideration may be either in the form of a price in money, rights or property or by exchange or barter, and may be payable immediately, in the future, or by installments. * * *." Cf. sec. 372 (d) defining "use." Sec. 329 provides that "[t]he tax hereby imposed shall apply and be collected by the vendor from the purchaser at the time the sale is made regardless of the time when the purchase price is paid * * *." Cf. sec. 381 as to the use tax.

Code (1957), Art. 81, sec. 324 (i) defines "price" to mean:

"* * * the aggregate value in money of any thing or things paid or delivered, or promised to be paid or delivered by a purchaser to a vendor in the consummation and complete performance of a retail sale without any deduction therefrom on account of the cost of the property sold, cost of materials used, labor or service cost, or any other expense whatsoever. * * *." This section further provides that price "* * * shall be deemed to be the amount received exclusive of the tax hereby imposed provided the vendor shall establish to the satisfaction of the Comptroller that the tax was added to the price. * * *." Cf. sec. 372 (g) as to the use tax.

Pursuant to the rule-making authority granted by sec. 365 (a), the Comptroller in 1947, when the Act was first adopted, promulgated Rule 16, reading in pertinent part as follows: "Where tangible personal property is sold subject to a cash discount, the tax applies to the total selling price of the property without any allowance for said cash discount, except in cases of cash sales, where the discount is deducted from the selling price and the net amount due thereon is paid at the time of the sale."

The appellant contends that the rule is invalid, in that it seeks to impose a tax not levied by the Legislature, citing *Comptroller v. Rockhill, Inc.,* 205 Md. 226. We recognize in that case, however, that an interpretation placed upon the Act is entitled to great weight as an administrative interpretation acquiesced in by the Legislature. Cf. *Liss v. Goodman,* 224 Md. 173. In the instant case we are not prepared to hold that the Comptroller exceeded his interpretive authority.

It is perfectly clear that the Maryland Act is a true sales tax and imposes the tax upon the purchaser. See *Comptroller v. Kaiser Corp.,* 223 Md. 384, 392. The tax is required to be collected at the time the sale is made, which in the instant case was when the goods were delivered. This taxable event took place before payment was received. The measure of the tax was the amount then promised to be paid. Sections 385 and 387 of Art. 81, require returns to be filed by the vendor on the 21st day of the month following the month within which the sale occurred, unless otherwise specified by the Comptroller. It is true that the purchaser had the option of remitting within 30

days lesser sums than those shown upon the invoices, but in our view that was a condition subsequent to the consummation of the sales, and an inducement offered to obtain a more prompt payment than might otherwise have been the case. It might fairly be considered as an "expense" of doing business. In any event, we think the Comptroller's rule is not beyond the scope of the statutory plan. We have long recognized that taxation is a practical affair. See *Lane Corp. v. Comptroller,* 228 Md. 90, 97.

The appellant relies strongly upon the case of *Standard Oil Co. v. State,* 276 N. W. 908 (Mich. 1937). It was there held that only the net amount received by a vendor was subject to the Michigan tax. It is important to observe, however, that the Michigan tax was imposed upon the privilege of making retail sales, measured by the gross proceeds of such sales, less deductions allowed by statute. See sec. 205.52 of the Michigan Occupational Retail Tax. It was a gross receipts or occupational type of tax upon the vendor, computed upon the "amount received," rather than the price promised to be paid. There seem to be no other cases dealing with cash discounts. See Note, 90 A.L.R. 2d 338. We think the Michigan case is distinguishable.

*Order affirmed, with costs.*